IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARON FINANCIAL CORPORATION, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG 03CV 168 |
| ERN, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Plaintiff, Baron Financial Corporation ("Baron"), by its attorneys, David B. Goldstein, Brooke Schumm, III, and Daneker, McIntire, Schumm, Prince, Goldstein, Manning & Widmann, P.C., hereby files this Opposition to Defendant, ERN, LLC's Motion for Leave to File Third-Party Complaint, and for reasons states as follows:

I.  **Standard for Granting or Denying Leave to File Third-Party Complaint.**

In exercising discretion whether to grant or deny leave, this Court should consider the purpose of third-party practice under Rule 14. Defendant ERN cites 6 Wright, Miller & Kane, Federal Practice and Procedure section 1454 as the sole legal grounds in support of its Motion. Defendant's Memorandum in Support, at 2. A fuller exposition of the factors the Court should consider in exercising its discretion to grant or deny leave, however, is set forth on page 301 of 6 Wright, Miller & Kane, Federal Practice and Procedure section 1443, where the text elaborates on the basis for allowing impleader to "avoid circuity of action and eliminate duplication of suits based on closely related matters" so as to promote the expeditious operation of the courts:

> In exercising its discretion the court should endeavor to effectuate the purpose

of Rule 14, which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters. As a result, a timely application for impleader should be granted except when it will delay or disadvantage the existing action and the third-party claim obviously lacks merit. Of course the court must be sensitive to the possibility of prejudice to the original plaintiff or third-party defendant that may result from permitting the assertion of the third-party claim. Similarly, the court's discretion should be exercised only when the claim is within the scope of impleader established by Rule 14(a).

**II.     The Third-Party Defendant's Motion Fails to Identify A Single Factor Justifying the Court's Exercise of Its Discretion To Allow the Filing of the Third-Party Complaint.**

First, Defendant's third-party complaint is simply not within the scope of Rule 14(a) third-party impleader. Besides the proposed third-party complaint's lack of merit in its total failure to identify any "customer" or "employee" improperly solicited, or any damage proximately related to such tortious conduct, the simple fact is the proposed third-party claim is not "within the scope of impleader established by Rule 14(a)." There is no allegation that any of the third-party defendants is "a person who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." The Plaintiff is suing the Defendant because the Defendant purloined the Plaintiff's money. The gist of the proposed third-party action is tortious interference with business relations, that Defendant's business was damaged by improper solicitation of Defendant's "customers" and "employees" in violation of the Memorandum of Understanding ("MOU"). Thus, there is no claim that any of the third-party defendants are liable to the Defendant for all or part of the Plaintiff's claim. For this reason alone, the Motion should be denied.

Second, the proposed third-party complaint would introduce completely unrelated issues and controversies which would require extensive discovery, and therefore delay resolution of the Plaintiff's Complaint, prejudicing the Plaintiff's ability to recover timely, or at all, its claimed damages. The proposed third-party complaint for tortious interference with Defendant's business

relationships has nothing to do with the Plaintiff's Complaint. The sole support for the charge of tortious conduct by the third parties is an email with many, many email addresses on it, identifying the sender's new position at a new company, and mentioning his former company, called "CMS," which is clearly unrelated to the Defendant or any other known party to this case. The proposed third-party action will require the following discovery which will be absent from the Plaintiff's case: extensive factual and expert discovery of the electronic payments industry to consider whether Defendant's definition of "customer" to mean "independent sales organization" is even remotely plausible, whether any of the parties to the MOU "knowingly" solicited any such "customers" or Defendant's "employees," none of whom are identified, and the identity of the alleged solicited independent sales organizations and employees improperly "solicited."

As noted in Plaintiff's Complaint, this Court has already held that Defendant misappropriated the money claimed as damages in the Complaint. Exhibit 6, September 16, 2002, opinion, at 2 ("The Natanzon parties had no right to retain all such residuals and must pay the Buchbinder group the amounts of all such residuals plus interest from the date of receipt of each such residual payment."). Discovery of Plaintiff's claim will be focused on when the Defendant received the misappropriated sums and their amount. However, if the third-party complaint is allowed, discovery will be extensive, expensive, and very time consuming, and have very little to do with the claimed funds in any event.

In short, the proposed third-party action envisions and will require a major expenditure of time and resources by the parties and the Court in an action seeking substantial compensatory and punitive damages, but having nothing at all to do with the Plaintiff's Complaint. Contrary to the purpose of Rule 14, the Defendant's proposed major third-party action will not avoid but rather will actually cause both "circuity of litigation" and undue delay in resolution of the Plaintiff's collection

case. Thus, the elements favoring a granting of leave to file this the third-party action in this case are plainly missing.

The only point of contact between Defendant's proposed third-party action and this case is the MOU. Even though Rule 14 would permit a third-party claim where the third-party defendant may be responsible for Plaintiff's damages, for reasons of judicial economy, impleader should be denied where, as here, it would only unduly delay and complicate Baron's original Complaint, and would introduce unrelated issues and controversies. 6 Wright, Miller & Kane, Federal Practice and Procedure section 1443, at 300-01 (1990)("...a timely application for impleader should be granted except when it will delay or disadvantage the existing action and the third-party claim obviously lacks merit."); Zeus Projects Ltd. v. Perez y Cia. De Puerto Rico, Inc., 187 F.R.D. 23, 33-34 (D.P.R. 1999); Harrison v. Glendel Drilling Co., 679 F.Supp. 1413, 1422 (D.La. 1988); Fule Transp. Co. v. Fireman's Fund Ins. Co., 108 F.R.D. 156, 158 (D.N.J. 1985); Karon Business Forms, Inc. v. Skandia Ins. Co., Ltd., 80 F.R.D. 501, 505 (D.P.R. 1978). Because the proposed third-party complaint's only connection to the Plaintiff's Complaint is a tenuous reference to the MOU, and where allowing it would unduly delay and complicate adjudication of the Plaintiff's claim, the Defendant's Motion should be denied. If the Defendant really has a claim, instead of just a strategic interest in delaying a judgment in favor of Plaintiff for the purloined $160,000 plus interest, then the Defendant can still easily file such a claim and seek its adjudication in a separate action.

WHEREFORE, Plaintiff, Baron Financial Corporation, requests the Court to deny Defendant's Motion for Leave to File Third-Party Complaint, and such other and further relief as may be just and proper.

                                          David B. Goldstein
                                          Brooke Schumm, III
                                          DANEKER, McINTIRE, SCHUMM, PRINCE,
                                              GOLDSTEIN, MANNING & WIDMANN, P.C.
                                          One North Charles Street, Suite 2450
                                          Baltimore, MD 21201
                                          (410) 649-4755

## CERTIFICATE OF SERVICE

I certify that on this 17th day of April, 2003, I caused this document to be served electronically on Paul Mark Sandler, Esquire, Robert B. Levin, Esquire, and Eric R. Harlan, Esquire, Shapiro, Sher, Guinot, and Sandler, 36 South Charles Street, Suite 2000, Baltimore, Maryland 21201.

                                          David B. Goldstein

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARON FINANCIAL CORPORATION, | * | |
| Plaintiff | * | |
| | | Civil Action No.: MJG 03CV 168 |
| v. | * | |
| ERN, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER DENYING
## DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Having considered Defendant's Motion for Leave to File Third-Party Complaint, and Plaintiff, Baron Financial Corporation's Opposition thereto, it is this ___ day of _____, 2003,

ORDERED that Defendant's Motion BE, and HEREBY IS DENIED.

_____
Marvin J. Garbis, United States District Judge