IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BARON FINANCIAL CORPORATION,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG 03CV 168 |
| **ERN, LLC,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant ERN, LLC, by undersigned counsel and pursuant to Fed. R. Civ. P. 56, moves for partial summary judgment in the above-referenced action, and in support thereof states as follows:

1. This is an action by Plaintiff Baron Financial Corporation ("Baron") to collect payments it claims are due and owing to it pursuant to an Opinion and Order of this Court dated September 13, 2002. In its Opinion, this Court resolved a dispute over the interpretation of a settlement agreement entered into between the parties in previous litigation.

2. Plaintiff claims that, pursuant to the September 13, 2002 Opinion, it is entitled to collect $160,000.00 worth of "residual" payments that ERN received in July and August 2002 from two merchant banks with which it transacted business. These payments essentially represented the income on a portfolio of merchant electronic payment processing accounts ERN maintained with two merchant banks, EFS and CPS. Specifically, Baron seeks $80,000.00 of the residual payments that ERN received in July, 2002, and $80,000.00 of the residual payments that ERN received in August, 2002.

3. The Opinion upon which Baron relies in maintaining this action states that Baron was only entitled to the receipt of payments on accounts that has been assigned to it as of July 12, 2002. The residual payments ERN received in July 2002 were generated by transactions that occurred prior to July 12, 2002, and thus did not involve any accounts that had been assigned to Baron. Similarly, only a portion of the residual payments received by ERN in August, 2002 was generated by transactions that occurred after July 12, 2002 on "assigned accounts."

4. Baron, therefore, is not entitled to collect any residual payments that ERN received in July, 2002, nor is it entitled to the total payment of the residuals received by ERN in August, 2002.

5. Defendant ERN, LLC incorporates the accompanying memorandum of law as fully set forth herein.

WHEREFORE, Defendant ERN, LLC respectfully requests that this Court grant it summary judgment as to liability with respect to payment of any July, 2002 residuals, and grant partial summary judgment with respect to its liability on the payment of any August, 2002 residuals.

Respectfully submitted,

_____
Paul Mark Sandler, Bar No. 00145
Eric R. Harlan, Bar No. 23492

SHAPIRO SHER GUINOT & SANDLER
Twentieth Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 385-0202

*Attorneys for ERN, LLC*