IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARON FINANCIAL CORPORATION, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG 03CV 168 |
| ERN, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ERN, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant ERN, LLC ("ERN"), by undersigned counsel, and pursuant to Fed. R. Civ. P. 56, submits the following memorandum of law in support of its motion for partial summary judgment:

**I. INTRODUCTION**

This is an action by Plaintiff Baron Financial Corporation ("Baron") in which Baron claims that, pursuant to a September 13, 2002 Opinion and Order of this Court, Baron is entitled to collect $160,000.00 worth of "residual" payments that ERN received in July and August 2002 from two merchant banks with which ERN transacted business. These payments essentially represented the income on a portfolio of merchant electronic payment processing accounts ERN maintained with two merchant banks, EFS and CPS. Specifically, Baron seeks $80,000.00 of the residual payments that ERN received in July, 2002, and $80,000.00 of the residual payments that ERN received in August, 2002. For the reasons set forth below, Baron's interpretation of this Court's September 13, 2002 Opinion is in error, and consequently Baron is not entitled to collect the full amount of funds it claims is due.

## II. BACKGROUND/FACTS

On July 12, 2002, ERN and Baron, among others, entered into an agreement through which it settled then-pending litigation in this Court, *Michelle Trading Corp. v. Natanzon*, Case No. MJG-02-1868. One of the provisions of the agreement called for a $2 million payment by ERN (also referred to as "the Natanzon Group") to Michelle Trading Corporation and/or Baron Financial Corporation (also known as the Buchbinder group). As security for the payment, the Natanzon group assigned to the Buchbinder group a portfolio of merchant electronic payment processing accounts together with the income (the "residuals") that ERN received on the accounts. (See MOU and Rider, attached hereto collectively as **Exhibit 1**). The agreement between the parties called for the $2 million payment to be made within 90 days of July 12, 2002.

As ERN continued to receive residual payments on its portfolio of accounts during the 90 day period, a dispute arose between the parties as to whether the assignment of the portfolio and the income was immediate as of July 12, 2002, or whether the assignment acted as security for the payment which was only attachable upon a default by ERN after the 90 day period. The parties submitted the dispute to this Court, which ruled on the issue on September 13, 2002.

In its Opinion, this Court stated the following:

> I find that the agreement, best interpreted in context, calls for the immediate, July 12, 2002, assignment of accounts and prospective (after July 12, 2002) residual payments on said accounts. Therefore, any residual payments received after July 12, 2002 with respect to any assigned accounts were to be "delivered directly" to Michelle and applied as a credit against the $2,000,000 due.

(See Opinion, attached hereto as **Exhibit 2**.) The Court further ruled that the accounts and the associated residuals that were assigned were "limited to those extant on July 12, 2002 or, a group having residuals having $80,000 per month." (See Exhibit 2).

The payments at issue in this action are the residual payments that ERN received on July16 and July 29, 2002, as well as on August 16 and August 29, 2002—all subsequent to the July 12, 2002 settlement agreement. However, all of the funds received as residual payments by ERN in July, 2002 constituted fees that were earned on merchant transactions by the various merchants in ERN's portfolios that occurred prior to July 12, 2002. (See Affidavit of Martin A. Taylor, attached hereto as **Exhibit 3**; see also Affidavit of Philip I. Matz, attached hereto as **Exhibit 4**). Further, a significant portion of the residual payments received by ERN in August, 2002, represented fees earned on transactions that also occurred prior to July 12, 2002. (See Exhibits 3 and 4).

### III. ARGUMENT

Baron claims that it is entitled to the full amount of the residual payments that ERN received in both July and August 2002.[1] However, it is clear from the facts that no part of the residual payment that ERN received in July, 2002 was generated by an "assigned account," as contemplated by this Court in its September 13, 2002 opinion. Further, only a portion of the residual payments received by ERN in August, 2002 was generated by transactions involving an assigned account— i.e., accounts as of July 12, 2002.

This Court was very clear in its opinion that the accounts and the associated residuals that were assigned were limited solely to those in existence as of July 12, 2002, and afterwards. Because of the "lag time" between the earning of the residual payments and the actual payment of them, none of the residuals received by ERN in July, 2002 were earned on transactions concerning

---

[1] To the extent these payments exceed $80,000 per month, they are capped at $80,000 per month pursuant to the Court's September 13, 2002 opinion.

the portfolios that existed as of July 12, 2002. Similarly, only a portion of the residuals received by ERN in August, 2002 were earned on transactions involving the portfolio of accounts that existed as of July 12, 2002 (See Exhibits 3 and 4).

Accordingly, ERN is entitled to judgment as a matter of law with respect to any claim Baron has to the residuals ERN received in July, 2002. With respect to the residuals ERN received in August, 2002, ERN is entitled to judgment as a matter of law as to any claim for residuals that were earned on transactions that occurred between July 1, 2002 and July 11, 2002.

## V. CONCLUSION

For the reasons stated above, ERN, LLC is entitled to judgment as a matter of law with respect to any claim for residuals it received in July, 2002, and with respect to any residuals it received in August 2002 that represent fees earned on transactions that occurred between July 1 and July 11, 2002.

Respectfully submitted,

_____
Paul Mark Sandler, Bar No. 00145
Eric R. Harlan, Bar No. 23492

SHAPIRO SHER GUINOT & SANDLER
Twentieth Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 385-0202

*Attorneys for ERN, LLC*