IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARON FINANCIAL CORPORATION, *

Plaintiff *

v. *

\* Civil Action No. MJG 03CV 168

ERN, LLC, *

*

Defendant. *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF PHILIP I. MATZ

I, Philip I. Matz, am an adult citizen of the State of Maryland and am competent to testify as to the matters set forth herein:

1. I am a member of the litigation support services department of the firm of SMART and Associates, LLP whose Baltimore area office is located at 502 Washington Avenue, Suite 500, Towson, Maryland 21204. I received my undergraduate degree (BS) in accounting from the University of Baltimore in 1960 and I am a certified public accountant (CPA) having passed the November 1961 Maryland CPA examination. In addition, I received a JD degree from the University Baltimore Law School in June 1967 and I am a member of the Maryland bar. I received the Certified Valuation Analyst (CVA) designation in October 1995.

2. I am familiar with the matter of Baron Financial Corporation v. ERN, LLC, and have reviewed spreadsheet documents concerning payments made by Card Payment Systems ("CPS") and EFS National Bank ("EFS") to ERN, LLC in July and August 2002. Based on my review of the documents, and upon consultation with ERN, LLC's Vice President of Business and Product Development, Martin A. Taylor, it appears the full amount of the residual payments received by ERN, LLC from CPS and EFS in July, 2002 represents fees earned on merchant

transactions that occurred between June 1, 2002 and June 30, 2002. It is also apparent that $33,286.57 of the residual payments received by ERN, LLC from CPS and EFS in August, 2002 are attributable to transactions that occurred between July 1, 2002 and July 12, 2002.

3. Attached hereto is a true and accurate copy of a report I prepared in connection with this matter.

I solemnly swear and affirm under the penalties of perjury and upon personal knowledge that the contents of the above paper are true and correct.

Date: *September 2*, 2003

_____
Philip I. Matz

### ERN, LLC

### Report of
### Portion of July and August 2002 Residual
### Collections Attributable to Period
### June 1, 2002 Through July 12, 2002
### and
### Amounts Paid to Independent Sales Organizations
### on Credit Card Portfolio Transferred to
### Baron Financial Corporation

### For Period September 1, 2002 Through May 31, 2003

Prepared By: Philip I. Matz, CPA, CVA, JD
Smart and Associates, LLP
June 13, 2003

## EXPERT'S BACKGROUND AND QUALIFICATIONS

1. I, Philip I. Matz, am a member of the Litigation Support Services Department of the firm of Smart And Associates, LLP, whose Baltimore area office is located at 502 Washington Avenue, Suite 500, Towson, Maryland 21204. I received my undergraduate degree (B.S.) in accounting from the University of Baltimore in 1960, and I am a Certified Public Accountant (CPA), having passed the November 1961 Maryland CPA examination. In addition, I received a J.D. degree from the University of Baltimore Law School in June 1967 and I am a member of the Maryland Bar. I received the Certified Valuation Analyst (CVA) designation in October 1995.

2. My background includes more than eight years of employment (1960 – 1968) with the Internal Revenue Service, where I served as a field agent, instructor, and Appeals Conferee, as well as nearly seven years of employment (1968 –1975) as a tax manager with an international accounting firm.

3. I have been associated with Smart And Associates, LLP (and its predecessor, Grabush, Newman & Co., P.A.) for twenty-eight years, as both a tax specialist and member of the firm's litigation support service department. In 1987, I was recognized by Money Magazine as one of the nation's top tax practitioners and I served as president of the Baltimore Estate Planning Council from July 1, 1989 to June 30, 1990. In addition, I am a member of the Maryland Association of CPA's litigation support services committee. In 1992, I was appointed an Alternate Dispute Resolution (ADR) hearing officer by the U.S. District Court for the District Court of Maryland. My curriculum vitae is attached hereto as Exhibit A.

4. During my affiliation with Smart And Associates, LLP (and its predecessor, Grabush, Newman & Co., P.A.), I have participated in the valuation of many business entities, and I have testified in open court and/or discovery proceedings in cases involving a broad array of financial issues. The cases in which I have testified as an expert witness at trial or deposition within the preceding four years are as follows:

   a) Cardiac Surgery Associates, P.A. et al v. Midatlantic Cardiovascular Associates, P.A., Case No. 03-C-010893, U.S. District Court (D. Md.), deposed on April 8, 2003.
   b) Shapiro v. Shapiro, Case No. unknown, Howard County (Md.) Circuit Court, testified at trial on November 7, 2002.
   c) Silverman v. Silverman, Case No. 03-C-01-002911, Baltimore County (Md.) Circuit Court, testified at trial on August 23, 2002.
   d) Michelle Trading Corporation vs. Rony Natanzon, Case No. MJG02 CV 1505, U.S. District Court (D. Md.), deposed on July 11, 2002.
   e) Rivas v. Rivas, Case No. 03-01-000331, Baltimore County (Md.) Circuit Court, deposed on June 4, 2002.
   f) The Reputable Group, Inc. vs. Old Line Plastics, Inc., U.S. District Court (E.D. Michigan-Southern Div.), deposed on January 22, 2002.
   g) Hughes v. Hughes, Case No. C-1999-58820-D, Anne Arundel (Md.) County Circuit Court, deposed (videotaped) on or about December 2, 2001.
   h) M. Gulas et al vs. W. Anderson et al, Case No. 217437, Montgomery County (Md.) Circuit Court, deposed on November 16, 2001.

i) <u>Grau v. Grau</u>, Case No. 03-C-99-003733, Baltimore County (Md.) Circuit Court, deposed on November 29, 2000.

j) <u>Rossbottom v. Nationwide Insurance Co.</u>, Case No. unknown, Circuit Court for Baltimore County (Md.), testified at trial on August 24, 2000.

k) <u>Levin v. Rudo</u>, Case No. 03-C-98-005458, Circuit Court for Baltimore County (Md.), testified at trial on October 21, 1999.

5. I have not authored any publications within the last ten years.

6. I am being compensated for my work on this matter at a rate of $255 per hour.

7. On or about April 22, 2003, I was engaged by Paul M. Sandler of the law firm of Shapiro Sher Guinot & Sandler to serve as an expert consultant and potential expert witness regarding the computation of the portion of July and August 2002 residual collections received by ERN, LLC on a $2,000,000 credit card portfolio that is attributable to the period June 1, 2002 through July 12, 2003 as well as amounts paid by ERN, LLC to independent sales organizations with respect to that credit card portfolio during the period September 1, 2002 through May 31, 2003.

8. In my capacity as an expert consultant, I have been asked to prepare this report pursuant to Fed. Rule Civ. Pro. 26 stating my opinions and the basis and reasons therefore regarding the items set forth in Paragraph 7, above.

9. In my capacity as an expert, I was asked to review certain documents pertinent to this case which are listed in Exhibit B attached hereto.

## FACTUAL BACKGROUND

10. On July 12, 2002, Mr. Rony Natanzon and Mr. Samuel Buchbinder entered into a Memorandum of Understanding (MOU) for purposes of the settlement of Civil Action No. MJG-02-CV-1868, in the United States District Court for the District of Maryland captioned "Michelle Trading Corporation v. Rony Natanzon." The MOU was subsequently amended by a Rider. Mr. Natanzon and Mr. Buchbinder entered into the settlement on behalf of themselves and the parties to the aforementioned litigation.

11. The MOU and Rider provided for ERN, LLC ("ERN"), of which Mr. Natanzon is the sole member and manager to pay Baron Financial Corporation ("Baron") $2,000,000 on a non-recourse basis. Baron is controlled by Mr. Buchbinder. The $2,000,000 sum was to be paid solely from the sale of a portfolio of credit card accounts owned by ERN, and from the residual income fees generated by the portfolio pending the sale.

12. Because of an irreconcilable dispute that arose between the parties, the case was submitted to Federal District Court Judge Marvin J. Garbis (as provided by a dispute resolution mechanism in the MOU). On September 13, 2002, Judge Garbis rendered a decision which provided, inter alia, for assignment of accounts and prospective residual payments to Michelle Trading Corporation effective July 12, 2002, and that any post July 12, 2002 payments received by ERN with respect to assigned accounts were to be delivered to Michelle and applied as a credit against the $2,000,000 due.

13. In July and August, ERN received residual payments with respect to the credit card portfolio. All of the July payment as well as a portion of the August payment were attributable to pre-July 12, 2002 activity.

14. In connection with residual payments collected on its credit card portfolio, ERN is contractually obligated to pay a portion of such payments to a number of independent sales organizations ("ISO's") that market the processing service to retail merchants on ERN's behalf. In ERN's case these payments to ISO's are made monthly for transactions that occurred during the previous month. Payments made to ISO's between September 1, 2002 and May 31, 2003 totaled $69,025.44.

## OPINIONS AND CONCLUSIONS

15. All of the residual payments received by ERN in July 2002 ($84,329.71) as well as $33,286.57 of the residual payments received by ERN in August 2002 with respect to the $2,000,000 credit card portfolio are attributable to transactions that occurred on or before July 12, 2002.

16. Amounts due (and paid by) ERN to ISO's with respect to the $2,000,000 credit card portfolio between September 1, 2002 and May 31, 2003 totaled $69,025.44.

Respectfully Submitted,

Philip I. Matz, CPA, CVA, JD

EXHIBIT A
QUALIFICATIONS OF VALUATION ANALYST
PHILIP I. MATZ, CPA, CVA, JD

**Company Name and Address:** Smart and Associates, LLP
(formerly Grabush, Newman & Co., P.A.)
502 Washington Avenue, Suite 500
Towson, Maryland 21204

**Phone/Fax Number:** Phone 410.296.6300   Fax 410.821.8448

**E-mail:** pmatz@smartassociates.com

**Admitted to Practice:** 1962

**Present Position:** Partner

**Specialty Areas:** Tax Specialist      Litigation Support Services
IRS Examinations

**Education:** University of Baltimore, B.S. in Accounting (1960)
University of Baltimore School of Law, J.D. (1967)

**Prior Professional Experience:**
1975- Present  Grabush, Newman & Co., P.A., *Officer* (Since 1977)
1968-1975 Coopers & Lybrand, *Tax Manager*
1960-1968 Internal Revenue Service, *IRS Agent, Instructor and Appeals Officer*

**Professional Affiliations:**
American Institute of Certified Public Accountants
Baltimore Estate Planning Council, *Past President*
Baltimore Association for Financial Planning
International Group of Accounting Firms (IGAF)
*Litigation Support Services, Task Force Committee*
Maryland Association of Certified Public Accountants (MACPA)
   *Litigation Support Services Committee*
   *Chesapeake Tax Conference Committee*
National Association of Certified Valuation Analysts (NACVA), Member

**Related Professional Experience:**
Frequent speaker on tax related topics
Served as Chairman of the Chesapeake Tax Conference for the MACPA
Testified in open court and/or discovery proceedings on numerous occasions in cases involving a wide range of issues
Appointed an alternate dispute resolution hearing officer by the U.S. District Court for the District Court of Maryland, 1992
While working with the IRS, held hearings with respect to disputed income and estate tax cases with a view to settling such cases without the necessity of trial.

(CONTINUED ON NEXT PAGE)

EXHIBIT A
QUALIFICATIONS OF VALUATION ANALYST
PHILIP I. MATZ, CPA, CVA, JD
(CONTINUED)

**Civic Activities:**  Northwest Hospital Foundation, Inc., *former member of the Board of Directors*
Villa Julie College, *Member of the Planned Giving Committee*

**Awards:**  Money Magazine 15th Anniversary Edition. One of the Country's Top Tax Practitioners, Fall 1987
NACVA, Certified Valuation Analyst (CVA) October 1995

**Featured in:**  Finance: Taxes, **The Baltimore Business Journal**, February 3, 1995

EXHIBIT B

DOCUMENTS REVIEWED BY PHILIP I. MATZ
RE: BARON FINANCIAL CORPORATION V. ERN, LLC
CIVIL ACTION NO: MJG03 CV 168
IN THE U. S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND

1. Plaintiff's Complaint for Collection of Residual Payments Pursuant to Prior Court Opinion

2. Defendant's Answer, Counterclaim and Demand for Jury Trial

3. Memorandum of Understanding, Re: Settlement Agreement

4. Rider to Memorandum of Understanding, Re: Settlement Agreement

5. Opinion of Federal District Court Judge Garbis dated September 13, 2002

6. Schedule of residual Collections received by ERN, LLC in July and August, 2002.

7. Schedule of payments made by ERN, LLC to independent sales organizations during the period September 1, 2002 through May 31, 2003