IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARON FINANCIAL CORPORATION, | * |
| Plaintiff | * |
| v. | * |
| ERN, LLC | *   Civil Action No.: MJG03-CV-168 |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
COMPLAINT FOR COLLECTION OF RESIDUAL PAYMENTS
PURSUANT TO PRIOR COURT OPINION**

Plaintiff, Baron Financial Corporation, by its attorneys, David B. Goldstein, Brooke Schumm, III, and Daneker, McIntire, Schumm, Prince, Goldstein, Manning & Widmann, P.C., hereby sues ERN, LLC ("ERN"), and for its Motion for Summary Judgment states as follows:

**INTRODUCTION**

1. This case is simply an effort by Plaintiff to recover the relief already adjudicated by the Court in its September 13, 2002, opinion in Civil Action No. MJG 02-CV-1868. On July 12, 2002, Plaintiff and Defendant settled Civil Action No. MJG 02-CV-1868 in this Court, and then had a dispute over what the settlement required and covered. However, the parties had guarded against this eventuality by agreeing to submit any such dispute to the Court for resolution. In August, 2002, the parties submitted the dispute to the Court. With respect to the subject matter of this pending action, the dispute was over the amount of residual income paid to and received by Defendant ERN that should have to be paid over to Plaintiff Baron as part of the settlement. On September 13, 2002,

pursuant to the dispute resolution mechanism in the settlement agreement, the Court decided the issue as follows.

2. The Court ruled that all residuals paid to and received by ERN after the date of the settlement agreement, July 12, 2002, were to be paid to Baron, in pertinent part as follows:

> I find that the agreement, best interpreted in context, calls for the immediate, July 12, 2002, assignment of accounts and prospective (after July 12, 2002) residual payments on said accounts. Therefore, any residual payments received after July 12, 2002, with respect to any assigned accounts were to be "delivered directly" to Michelle and applied as a credit against the $2,000,000 due. The Natanzon parties had no right to retain any residuals and must pay the Buchbinder group the amounts of all such residuals plus interest from the date of receipt of each such residual payment. The interest rate shall be the "standard" prejudgment interest rate of 6% simple per annum.

September 13, 2002, opinion of the Court, attached hereto as Exhibit 7. Despite this unambiguous holding, ERN refused to remit the residuals paid to it after July 12, 2002, and in August, 2002, forcing Baron[1] to institute this collection action. ERN's position in this lawsuit is that despite the Court's holding, it need not pay the residuals received by ERN after July 12 because they allegedly were generated in the pre-settlement period before July 12. Originally, ERN asserted various counterclaims and a third party claim. All of these have been withdrawn, so that the sole matter pending before the Court is Baron's right to the residual payments paid to and received by ERN after July 12, 2002.

**UNIDISPUTED FACTS**

3. Michelle Trading Corporation ("Michelle") was an Illinois corporation with its principal place of business in Chicago, Illinois. At all times material to the events mentioned or complained of in

---

[1] Pursuant to a Rider to the Memorandum of Understanding forming the basis of the settlement, the settlement was amended to substitute Baron Financial Corporation for Michelle Trading Corporation.

this complaint, Buchbinder was Michelle's sole shareholder. Defendant, ERN, LLC ("ERN"), is a Maryland limited liability company with its principal place business in Baltimore, Maryland. Rony Natanzon ("Natanzon") is now the sole member and manager of ERN.

4.   In June 2002, Michelle filed a petition for appointment of receiver for ERN in a civil action captioned "Michelle Trading Corporation v. Rony Natanzon," Civil Action No. MJG-02-CV-1868 (hereinafter referred to as the "Michelle litigation"). The Court set Michelle's petition in for a hearing on July 15, 2002.

5.   On July 12, 2002, Natanzon and Buchbinder entered into a settlement agreement, on behalf of themselves individually and on behalf of the parties to the Michelle litigation (the "MOU"). A copy of the MOU is attached hereto as Exhibit 1. (The MOU copy attached as Exhibit 1 hereto has been annotated by adding paragraph numbers in the left margin of the MOU to simplify reference to the MOU provisions mentioned in this complaint.) The parties amended the MOU by a Rider to Memorandum of Understanding Re Settlement Agreement, a copy of which is attached hereto as Exhibit 2 (the "Rider").

6.   For purposes of this complaint, the MOU and Rider provided for ERN to pay Baron $2,000,000 on a non-recourse basis in settlement, meaning that the $2,000,000 sum was to be paid solely from the sale of a portfolio of credit card accounts owned by ERN. Additionally, pending such sale, ERN was required to deliver directly to Baron all residual income fees paid to and received by ERN after July 12.

7.   The parties to the MOU had agreed "to execute final written document(s) within 14 days consistent with this Memorandum of Understanding." Exhibit 1, MOU, at paragraph 16. In MOU paragraph 16, the parties also agreed to submit any irreconcilable disputes regarding the final written

settlement document to the Court for a final binding decision. The MOU did not proceed smoothly to a "final written document."

8. On August 26, 2002, after extensive negotiations, including the extension of the 14-day period for finalizing the settlement agreement, the parties had been unable to resolve their differences regarding the "final written agreement" specified in paragraph 16 of the MOU, and Michelle invoked the dispute resolution mechanism in the MOU and submitted the irreconcilable dispute, as provided in the MOU, to the Honorable Marvin J. Garbis. A copy of Michelle's submission to Judge Garbis is attached hereto as Exhibit 3 (argument only, without exhibits). ERN answered Michelle's submission on August 30, a copy of which is attached hereto as Exhibit 4, and Michelle replied thereto on September 9, a copy of which is attached hereto as Exhibit 5 (argument only, without exhibits).

9. Most pertinent to this case, Defendant ERN stated as follows on page 2 of its letter submission to this Court (Exhibit 4):

> 2. The second issue of disagreement relating to drafting is whether the residual payments are to be delivered to Mr. Buchbinder immediately as they are received by ERN. Paragraph 4 of the MOU provides in part that 'upon such sale the proceeds shall be applied to the $2,000,000 obligation and delivered upon closing to Michelle. All residual payments shall be delivered directly to Michelle and applied as credit against the $2,000,000 due.' As is the case with the first issue, because the $2,000,000 obligation is not due for ninety (90) days, the residual payments should not be obtained by Mr. Buchbinder prior to that time."

Exhibit 4, ERN submission 8/30/02 at 3-4.

10. On September 13, 2002, the Court rendered its decision, a copy of which is attached hereto as Exhibit 6. In the September 13 decision (Exhibit 6, at 2), the Court held, in pertinent part, as follows:

> I find that the agreement, best interpreted in context, calls for the immediate, July 12, 2002, assignment of accounts and prospective (after July 12, 2002) residual payments on said accounts. *Therefore, any residual payments received after July 12, 2002 with respect to any assigned accounts were to be "delivered directly" to Michelle and applied as a credit against the $2,000,000 due. The Natanzon parties had no right to retain any residuals and must pay the Buchbinder group the amounts of all such residuals plus interest from the date of receipt of each such residual payment.* The interest rate shall be the "standard" prejudgment interest rate of 6% simple per annum.
>
> I conclude that the accounts (and residuals associated therewith) assigned are limited to those extant on July 12, 2002 or, if greater, a group having residuals of $80,000 per month.

[emphasis added]. Exhibit 6, Mem. Opin. 9/13/02 at 2.

11. Following Judge Garbis' September 13 decision, ERN finally stopped obstructing the efforts of Michelle to sell the portfolio, and on October 15, 2002, ERN sold the portfolio for $1,600,000. As explained in Michelle's September 9 reply, Exhibit 5, at 1-2, if ERN had not breached its settlement obligations and wrongfully obstructed the sale of the portfolio for many weeks after the July 12 settlement, the sale price would have been considerably higher.

12. Pursuant to the affidavit of Martin A. Taylor filed by ERN and attached as Exhibit 3 to ERN's Motion for Partial Summary Judgment, ERN was paid and received residual payments after July 12, 2002, as follows:

| | |
|---|---|
| July 16 | $57,044.44 |
| July 29 | $27,285.27 |
| August 16 | $57,044.44 |
| August 29 | $31,464.74 |

None of these residual payments received by ERN were paid over to Baron, as agreed and as ordered

by the Court in its September 13, 2002, Memorandum Order (Exhibit 6).

13.  The September 13, 2002, opinion by Judge Garbis provided that ERN should have remitted these residual payments, capped in the amount of $80,000 per month, to the Buchbinder group and that ERN owed said $80,000 payments, plus interest at 6% simple interest per annum from the date of payment, to the Buchbinder group.

14.  Despite due demand, ERN has failed and refused to pay to Baron the $160,000 received by ERN in residual payments, plus interest at 6% from the date of payment, ordered by Judge Garbis in the September 13 Memorandum Order.  The 6% simple interest on the residual payments amounts to $10,698.60 through September 15, 2003, plus additional daily prejudgment interest accruing at 6% in the amount of $26.30 per diem.  An interest worksheet supporting these prejudgment interest calculations is attached hereto as Exhibit 7.

## CONCLUSION

15.  Baron has sustained damages due to ERN's refusal to pay over the residual amounts plus interest, in the amount of $160,000, plus 6% interest from the date each payment was received by ERN, as set forth in the Court's September 13 Memorandum Opinion. The total principal due is the two months of residual payments totaling $160,000, and interest of $10,698.60 accrued to September 15, 2003, with a per diem thereafter of $26.30.  See Exhibit 7, Interest Worksheet.

WHEREFORE, Plaintiff, Baron Financial Corporation, prays the Court enter summary judgment against Defendant, ERN, LLC, in the amount of $160,000.00, plus prejudgment interest of $10,698.60 accrued through September 15, 2003, plus $26.30 per day from September 15, 2003, until the entry of judgment, plus post-judgment interest, costs, attorneys fees, and such other relief as may be just and proper.

>  _/s/_____
>  David B. Goldstein, Fed. Bar. No. 03441
>  Brooke Schumm, III, Fed. Bar. No. 05001
>  DANEKER, McINTIRE, SCHUMM, PRINCE,
>   GOLDSTEIN, MANNING & WIDMANN, P.C.
>  One North Charles Street, Suite 2450
>  Baltimore, MD 21201
>  (410) 649-4755

## CERTIFICATE OF SERVICE

I certify that on this 8th day of September, 2003, I caused an electronic copy of this Motion with exhibits to be served upon

Paul Marc Sandler, Esq.
Eric R. Harland, Esq.
Shapiro, Sher, Guinot & Sandler
36 S. Charles St., Suite 2200
Baltimore, MD 21201

__/s/_____
David B. Goldstein