# Exhibit 1

MEMORANDUM OF UNDERSTANDING RE: SETTLEMENT AGREEMENT

1 This is an agreement between and among Rony Natanzon, and Samuel Buchbinder, for themselves and as Members of ERN, LLC, Rony Natanzon as Manager of ERN, LLC for and on behalf of ERN, LLC, and Samuel Buchbinder for Michelle Trading Corporation and for Baron Financial Corporation effective this 12th day of July, 2002.

2 ERN, LLC shall within 90 days (the "90-day period") pay $2,000,000 for the interest of Michelle Trading Corp. in ERN, LLC without offset, defense or counterclaim, time being of the essence to Michelle Trading Corp. ("Michelle").

3 Michelle shall have a security interest in the 50% member interest in ERN, LLC held by Natanzon as security for payment of the $2,000,000 to Michelle Trading Corp. immediately upon execution of this agreement. Sam Buchbinder and Baron Financial shall have no obligations to ERN, LLC and may enter upon any line of business. There shall be no knowing solicitation of existing customers as of this date, and no solicitation of existing employees unless they have resigned and there shall be no hiring of such person within 60 days of their resignation.

4 As security for payment of the $2,000,000, ERN, LLC assigns certain general intangibles, namely the prospective residual payments due from Concord and CPS, and the underlying portfolio of accounts to Michelle Trading Corporation, which ERN, LLC authorizes Michelle to sell as agent for ERN, LLC (with ERN's consent which shall not be unreasonably withheld), and ERN, LLC represents that it has obtained consent to a waiver of any lien by David Rombro in said general intangibles which shall be immediately delivered in writing. ERN, LLC and Natanzon agree to obtain and deliver all consents required by any purchaser. Upon such sale, the proceeds shall be applied to the $2,000,000 obligation and delivered upon closing to Michelle. All residual payments shall be delivered directly to Michelle, and applied as a credit against the $2,000,000 due. Natanzon. Natanzon represents that it is experiencing 1.5% attrition and 1.5% attrition on old accounts. With respect to assigned accounts, they are excluded from the prohibition of solicitation provided the merchant has sent a letter of cancellation or has Buchbinder or any of his entities send such letter to ERN, and ERN agrees not to charge said merchant a cancellation fee other than the normal monthly processing fee. See para 5 attached as part of this Agreement

5 The sum of $10,000,000 and any other obligation pursuant to ERN Israel set forth later shall be paid by ERN, LLC to Baron Financial on or before July 31, 2005, without offset, defense, or counterclaim, time being of the essence, which sum shall be secured in full by the member owner interest held by Natanzon in ERN, LLC. Such payment shall be due without interest; provided however, if said payment is not timely paid, interest shall be charged and calculated on said sum of said $10,000,000 amount due, including as may be amended below, at ten per cent 10% per annum simple interest accrued retroactively to July 31, 2002, and continuing thereafter. In order to secure said payment and to induce Baron Financial Corporation and Michelle Trading Corp. to release their security interest, Natanzon shall escrow all of his interest in ERN, LLC with an attorney appointed by Buchbinder, to be held as security for said timely payment, and a financing statement

may be filed reflecting said security interest. Upon failure to pay timely said $10,000,000 amount due, including as may be amended below, then all net income of ERN, LLC shall be paid to Baron Financial, and ERN, LLC shall be required to sell any credit card income stream portfolio and profits after July 1, 2005 will be paid to Michelle. In any event, the sum of $10,000,000 obligation as it may be amended below, shall be due and payable in full on July 31, 2007, and if not paid, 100% of the member owner interest shall automatically and without notice or any other action required be foreclosed by Michelle and any amount due over the debt shall be paid to Natanzon.

6 Pending the payment of said $10,000,000 obligation as it may be amended below, Natanzon, and Natanzon family and relatives shall be limited to total direct and indirect compensation of $550,000 per year plus a salary to Amit Natanzon of not more than $50,000 plus commissions.

7 The parties agree that the United States District Court for the District of Maryland does and shall have subject matter jurisdiction of this matter, including to enter all orders to enforce and implement this agreement. The motion to remand filed by Natanzon shall be withdrawn.

8 ERN, LLC, Rony Natanzon, and any entity or affiliate controlled by him or them do hereby immediately and unconditionally release and forever discharge Buchbinder, Michelle, Baron, and any of their affiliates and any ex-employees or contractors of ERN, Natanzon, Buchbinder, Michelle, or Baron, including Leslie Kessler, Kenneth Morris, Tracy Metzger, Anthony Ashe, Michael Rosenbloom, Dinah Weiss, Bruce Balonick and Yelena Dvorkin, for any claims or causes of action whatsoever referring or relating to ERN, LLC, ERN entities and/or Natanzon. Buchbinder, Michelle, and Baron (and any of their affiliates) do hereby immediately and unconditionally release and forever discharge ERN, LLC, Rony Natanzon, Stuart Rombro and any entity or affiliate controlled by him or them for any claims or causes of action referring or relating to ERN, LLC; provided, however, that Sam Buchbinder and/or any entity controlled by him do not release any other claim or cause of action or claim or cause of action that may arise pursuant to an outstanding letter of credit issued for the benefit of a creditor of ERN Israel, or from breach of the indemnity obligation below. ~~Buchbinder reserves all rights and does not release any claim against Lipman Electronic Engineering Ltd. and/or any other Lipman entity or any financial institution.~~ By end of April 1, 2003, if outstanding letters of credit issued by Bank Leumi remain outstanding for any reason, the amount of the principal and accrued interest shall be added to the $10,000,000.00 obligation set forth above and secured by the same secured interest referred to above.

9 Rony Natanzon agrees to hold Sam Buchbinder and his entities Michelle, Baron and persons and entities affiliated with him harmless from any claims made or causes of action filed by any ERN entity, including ERN International, ERN Israel, and Atidecm.

10 Buchbinder and Natanzon shall own ERN Israel 50%-50% and said stock or membership ownership interests shall be promptly documented and issued to Buchbinder and Natanzon. In consideration of the immediate transfer of said Buchbinder 50% interest,

Natanzon guarantees personally that he will reimburse Sam Buchbinder without offset demand or counterclaim any draw on the $1,000,000 letters of credit with all costs and attorneys fees of collection.

11 And except Sam Buchbinder does not release the obligations of $350,000 from Rony Natanzon to Sam Buchbinder, which amount Rony Natanzon agrees to pay commencing on January 1, 2003 in level payments of interest and principal amortized over 5 years at the rate of 8% APR. If not timely paid, then costs of collection and attorneys' fees shall be due.

12 If David Rombro defaults the debt due to him from ERN, then the $10,000,000.00 shall immediately be due and payable.

13 ERN, LLC, shall indemnify and hold harmless Michelle, Baron and Buchbinder from any and all claims on guarantees that were outstanding in favor of creditors of ERN, LLC except the Lipman letter of credit.

14 Natanzon shall diligently prosecute any and all patent applications and they shall be assigned to ERN, LLC.

15 During the 90-day period, there shall be no payments to any relative of Mr. Natanzon or his family (referred to as an "insider") other than the ordinary salaries currently paid and industry standard commissions to Amit Natanzon, and there shall be no payments on insider debt and there shall be no distributions of any type to any insider. Each Friday, a copy of the check register, certified as true and correct by Beth Cooper and Rony Natanzon, shall be delivered to counsel for Michelle without grace period. Counsel shall receive copies of all bank statements, and may with Ms. Cooper present, conference in with the Bank to verify any entries made.

16 The parties hereto agree to execute a final written document(s) within 14 days consistent with this Memorandum of Understanding. The parties agree that if, in drafting said final written document, there is any irreconcilable dispute regarding the language of the agreement or any missing terms, the parties agree that U.S. District Judge Marvin Garbis, or a magistrate judge designated by the Court or mutually agreed similarly qualified person shall decide the dispute with all objections or rights of appeal waived.

17 All parties agree that all litigation shall be stayed 100 days, all response and pleading deadlines shall be similarly extended, and upon consummation of the payment of $2,000,000.00, and compliance by all parties with the terms of this Memorandum and agreements executed pursuant to this Memorandum, all pending litigation in the United States, Illinois, Maryland, and the State of Israel shall be dismissed with prejudice and the notes outstanding shall be cancelled.

18 This agreement is made in Maryland and Maryland law shall govern. The parties agree that this agreement supersedes the buy-sell agreement, and any inconsistent provisions of the Operating Agreement and Employment Agreement.

19 Upon satisfaction by ERN, LLC and Natanzon of all obligations hereunder, Buchbinder shall cause to be delivered all releases and transfers of interests of ERN, LLC interests.

RONY NATANZON
For himself, including as member-owner of ERN, LLC

For ERN, LLC
ERN Israel, Ltd.
ATIDEEM, LLC
ERN International, LLC

SAM BUCHBINDER

For himself, including as member owner of ERN, LLC

For Michelle Trading Corporation
For Baron Financial Corp.

KEN MORRIS

20 If the aforesaid sale does not occur and the residuals do not satisfy the obligation to pay the said two million dollars, the said two million dollars plus 8 per cent interest will be paid by CPS and Concord existing portfolio or residuals approximately 80 thousand dollars per month. After principal and interest have been paid in full, the residuals will be assigned back to ERN.