IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BARON FINANCIAL CORPORATION, | * |
| Plaintiff | * |
| v. | * |
| ERN, LLC | *   Civil Action No.: MJG03-CV-168 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
COMPLAINT FOR COLLECTION OF RESIDUAL PAYMENTS
PURSUANT TO PRIOR COURT OPINION
AND
RESPONSE AND OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Baron Financial Corporation, by its attorneys, David B. Goldstein, Brooke Schumm, III, and Daneker, McIntire, Schumm, Prince, Goldstein, Manning & Widmann, P.C., submits this consolidated Memorandum in support of Motion for Summary Judgment on Complaint for Collection of Residual Payments Pursuant to Prior Court Opinion and Response and Opposition to Defendant's Motion for Partial Summary Judgment, and states as follows:

**INTRODUCTION**

This case is simply an effort by Plaintiff to recover the relief already adjudicated by the Court in its September 2002 opinion in Civil Action No. MJG 02-CV-1868. In July, 2002, Plaintiff and Defendant settled Civil Action No. MJG 02-CV-1868 in this Court, and then had a dispute over what the settlement required and covered. However, the parties had guarded against this eventuality by

agreeing to submit any such dispute to the Court for resolution. In August, 2002, the parties submitted the dispute to the Court. With respect to the subject matter of this pending action, the dispute was over the amount of residual income paid to and received by Defendant ERN that should have to be paid over to Plaintiff Baron as part of the settlement.

On September 13, 2002, pursuant to the dispute resolution mechanism in the settlement agreement, the Court decided that all residuals paid to and received by ERN after the July 12 date of the settlement agreement were required by the parties' settlement agreement to be paid over to Baron.

ERN admits that in July (after July 12) and August 2002 it received over $160,000 in residual payments. See Affidavit of Martin A. Taylor, attached as Exhibit 3 to ERN's Motion for Partial Summary Judgment. Despite this fact and the Court's September 13 Memorandum Order, ERN has still refused to remit the $160,000 of residuals, plus 6% interest, to Baron, as required by the parties' settlement agreement and the Court's September 13 Memorandum Order.

**ARGUMENT**

Baron incorporates herein by reference its Motion for Summary Judgment on Complaint for Collection of Residual Payments Pursuant to Prior Court Opinion ("Motion") for the underlying facts. Baron also incorporates herein by reference the Affidavit of Martin A. Taylor attached as Exhibit 3 to the Defendant's Motion for Partial Summary Judgment for purposes of establishing the dates and amounts of residual payments received by ERN.

Mr. Taylor recites in his Affidavit that "on July 16, 2002, ERN, LLC received residual payments from EFS in the amount of $57,044.44 and on July 29, 2002, ERN, LLC received residual payments from CPS in the amount of $27,285.27." Taylor Aff. para. 6. Mr. Taylor further recites

that "on August 16, 2002, ERN, LLC received residual payments totaling $57,044.44 from EFS and on August 29, 2002, ERN, LLC received residual payments totaling $31,464.74 from CPS." Id., at para. 7.

Pertinent to the legal argument is the fact that the present issue before the Court was already presented to and decided by this Court as part of the parties' dispute submissions leading up to the Court's September 13, 2002, Memorandum Order. For example, in its submission to the Court in regard to the parties' dispute, Defendant ERN stated as follows on page 2 of its letter submission to this Court:

> 2. The second issue of disagreement relating to drafting is whether the residual payments are to be delivered to Mr. Buchbinder immediately as they are received by ERN. Paragraph 4 of the MOU provides in part that 'upon such sale the proceeds shall be applied to the $2,000,000 obligation and delivered upon closing to Michelle. All residual payments shall be delivered directly to Michelle and applied as credit against the $2,000,000 due.' As is the case with the first issue, because the $2,000,000 obligation is not due for ninety (90) days, the residual payments should not be obtained by Mr. Buchbinder prior to that time."
>
> ERN submission 8/30/02 at 3-4.

Michelle had argued in its submission that all such residuals should have paid over to the Buchbinder group pursuant to the MOU. On September 13, 2002, the Court rendered its decision, a copy of which is attached hereto as Exhibit 6. In the September 13 decision (Exhibit 6, at 2), the Court held, in pertinent part, as follows:

> I find that the agreement, best interpreted in context, calls for the immediate, July 12, 2002, assignment of accounts and prospective (after July 12, 2002) residual payments on said accounts. *Therefore, any residual payments received after July 12, 2002 with respect to any assigned accounts were to be "delivered directly" to Michelle and applied as a credit against the $2,000,000 due. The Natanzon parties had no right to retain any residuals and must pay the Buchbinder group the amounts of all such residuals plus interest*

> *from the date of receipt of each such residual payment.* The interest rate shall be the "standard" prejudgment interest rate of 6% simple per annum.
>
> I conclude that the accounts (and residuals associated therewith) assigned are limited to those extant on July 12, 2002 or, if greater, a group having residuals of $80,000 per month.

[emphasis added]. Mem. Opin. 9/16/02 at 2.

Pursuant to a Rider executed on October 12, 2002, by and between the parties, Baron stepped into the shoes of Michelle Trading Company and Buchbinder for purposes of the settlement payment, and hence this Complaint is prosecuted in the name of Baron.

The total amounts of residuals received by Defendant ERN in July and August, 2002 are limited by the $80,000 amount referenced in the Court's opinion of September 13, 2002.

## CASE LAW DISCUSSION

The doctrine of res judicata should preclude the Defendant ERN from attempting to relitigate the issue before the Court:

> "It is well established that the doctrine of res judicata bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that could have been asserted and litigated in the original suit. [citations omitted]... . Res judicata, which is sometimes referred to as claim preclusion, helps to avoid "'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions.'" [citations omitted] In analyzing the applicability of res judicata, a court must consider the following elements: " (1) whether the parties are the same as, or in privity with, the parties to the earlier dispute; (2) whether the cause of action presented is identical to the one determined in the prior adjudication; and, (3) whether there was a final judgment on the merits in the initial action. [citations omitted]"

Anyanwutaku v. Fleet Mortgage Group, Inc., 85 F. Supp. 2d 566, 570-71 (D. Md. 2000).

Applying these res judicata elements to the fact before the Court, the same parties to the

MOU and Settlement Agreement are the parties to this case, except that, by agreement in the Rider, the funds are being paid to Baron instead of Buchbinder. Certainly Buchbinder, as the sole shareholder of Baron and Michelle, is in privity with Baron and Michelle. Further, as a co-signatory to the MOU, Buchbinder is in privity with ERN. The cause of action is the same as the matter adjudicated by the Court last year between the parties, where ERN protested that the residuals did not belong to Buchbinder (now Baron), and the Court held they did belong to the "Buchbinder group." Finally, the decision last year was final. Under the terms of the MOU, this Court was to arbitrate any dispute and disputes submitted to this Court were non-appealable by agreement. No appeal was filed after the decision of this Court last September 16, 2002.

The identical issue before the Court was was fully litigated by the same parties to a final judgment, and res judicata bars the Defendant ERN's attempt to relitigate it here. At that time, ERN offered no argument that any residuals paid subsequent to July 12, 2002, would not be covered by the Court's decision because they were earned prior to July 12. The affidavit of Mr. Matz is simply an effort to substitute his opinion for the opinion of this Court. The assignment of the accounts and residuals payable after July 12, 2002, for purposes of security was absolute as of July 12, 2002; the Court's opinion was clear that any residuals, if received after the July 12 settlement date, were to be "delivered directly" to the Buchbinder group. The Court's decision was not grounded on when the residuals were "earned."

The issue having been decided by this Court in the September 13, 2002, Memorandum Opinion, and the facts not being in dispute, Plaintiff is entitled to summary judgment as a matter of law.

## CONCLUSION

Defendant ERN admits that it received over $160,000 in residual payments in July and August 2002, but despite the Court's September 13, 2002, Memorandum Order on this same issue, ERN refuses to pay over the $160,000, plus 6% interest, to Baron (as successor to Buchbinder) as ordered by the Court. Thus, Baron has sustained damages in the amount of $160,000, plus 6% interest from the date of each residual payment as set forth in the Affidavit of Martin A. Taylor, attached to the ERN summary judgment motion. The total interest due at the 6% rate is set forth in the Interest Worksheet attached as Exhibit 7 to Plaintiff's Motion. The total interest amounts to $10,698.60 accrued to September 15, 2003, with a per diem thereafter of $26.30.

WHEREFORE, Plaintiff, Baron Financial Corporation, prays the Court enter summary judgment against Defendant, ERN, LLC, in the amount of $160,000.00, plus prejudgment interest of $10,698.60 accrued through September 15, 2003, with interest of $26.30 per day from September 15, 2003, until the entry of judgment, plus post-judgment interest, costs, attorneys' fees, and such other relief as may be just and proper.

/s/_____
David B. Goldstein, Fed. Bar. No. 03441
Brooke Schumm, III, Fed. Bar. No. 05001
DANEKER, McINTIRE, SCHUMM, PRINCE,
 GOLDSTEIN, MANNING & WIDMANN, P.C.
One North Charles Street, Suite 2450
Baltimore, MD 21201
(410) 649-4755

## CERTIFICATE OF SERVICE

I certify that on this 8th day of September, 2003, I caused an electronic copy of this Motion with exhibits to be served upon

Paul Marc Sandler, Esq.
Eric R. Harland, Esq.
Shapiro, Sher, Guinot & Sandler
36 S. Charles St., Suite 2200
Baltimore, MD 21201

_____