IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARON FINANCIAL CORPORATION, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG 03CV 168 |
| ERN, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT ERN, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant ERN, LLC ("ERN"), by undersigned counsel, and pursuant to Fed. R. Civ. P. 56, submits the following memorandum of law in opposition to Baron Financial Corporation's ("Baron") motion for summary judgment:

## I. INTRODUCTION

The crux of Baron's argument in support of summary judgment in its favor is that ERN is attempting to "relitigate" an issue previously decided by this Court, and that ERN's arguments, therefore, should be barred by the doctrine of res judicata. Baron's argument, however, is an oversimplification of what has transpired procedurally, and it ignores the plain language of this Court's prior decision.

## II. ARGUMENT

ERN, LLC'S arguments are not barred by res judicata because the specific facts now in question, which bear upon the interpretation of this Court's prior decision, were not at issue when the parties submitted their previous dispute to this Court in August of 2002. The question before this Court last year was whether the Natanzon group's assignment of portfolio accounts became

effective immediately upon execution of the July 12, 2002 MOU between the parties, or whether the assignment acted as security that became effective, if at all, only upon the Natanzon group's default of a $2 Million payment to the Buchbinder group 90 days later.

This Court found that the agreement (the MOU) called for "the immediate, July 12, 2002, assignment of accounts and prospective (<u>after July 12, 2002</u>) residual payments on <u>said accounts</u>." (Opinion of the Court, attached as Exhibit 2 to ERN, LLC's Motion for Partial Summary Judgment, at page 2) (emphasis added). Further, this Court defined the accounts—and the residuals associated with them—to be those in existence on July 12, 2002 and beyond. (Id.). Thus, this Court interpreted the MOU to require the assignment of accounts that existed as of July 12, 2002, as well as all residuals associated with accounts that existed on July 12, 2002 and beyond. The undisputed facts demonstrate that the residual payments received by ERN on July 16, and July 29, 2002, were not "associated with" any portfolio of accounts that existed as of July 12, 2002 or beyond. Instead, these residuals were generated by transactions that occurred during the month of June, 2002, and are thus "associated with" a portfolio of accounts that pre-dated the July 12, 2002 assignment. (See Affidavit of Martin Taylor, attached as Exhibit 3 to ERN, LLC's Motion for Partial Summary Judgment). Similarly, a significant portion of the residual payments ERN received in August, 2002 were "associated with" accounts that pre-dated the July 12, 2002 assignment, as those residuals represented fees earned on transactions that occurred between July 1, 2002 and July 31, 2002. (See Affidavit of Martin Taylor). Of all the residuals received in August, 2002, ERN has calculated that some $33,286.57 of those residuals is associated with accounts that pre-date the July 12, 2002 assignment. (See Affidavit of Philip I. Matz, attached as Exhibit 4 to ERN's Motion for Partial Summary Judgment).

This is not, as Baron attempts to characterize it, an effort by ERN to substitute its judgment for that of this Court. Rather, it is simply ERN's presentation of facts which demonstrate why, under this Court's prior opinion, Baron is not entitled to the full amount of residuals it claims are due. At the very least, there is a dispute of fact as to the amount of residuals due and owing to Baron under this Court's prior opinion.

### III. CONCLUSION

For the reasons set forth above, and for the reasons set forth in ERN, LLC's Motion for Partial Summary Judgment, this Court should grant ERN, LLC's motion and deny Baron Financial Corporation's motion.

Respectfully submitted,

_____
Paul Mark Sandler, Bar No. 00145
Eric R. Harlan, Bar No. 23492

SHAPIRO SHER GUINOT & SANDLER
Twentieth Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 385-0202

*Attorneys for ERN, LLC*